JULY TERM, 1883, No. 51.  JANUARY 16, 1884.

## McConnel v. Gates.

1. While some defects in the service of a *scire facias* on a municipal claim may be successfully interposed to defeat an action on the *scire facias*, yet if a judgment be recovered, and a judicial sale regularly made, those defects will not defeat the title of a purchaser.

2. In a suit to recover arrears of ground-rent against the purchaser of a lot of ground at a sheriff's sale under a judgment on a municipal claim, he set up a defense that the sheriff's return to the *scire facias* showed that the service was not made in accordance with the act of 11th March, 1846, the copy of the writ having been posted less than two weeks prior to the return day. *Held*, that a good title was vested in the purchaser, though he himself was the plaintiff in the judgment, and he thereby became liable for the ground-rent which accrued after his purchase.

3. The regularity of the incorporation of an insurance company which once held the title to the ground-rent, cannot be inquired into in a proceeding against a subsequent owner to recover arrears.

4. The ground rent was reserved by deed dated March 1, 1859, and judgment was obtained on two returns of *nihil habet*, on June 20, 1876, for the arrears then due from the date of the deed. *Held*, in an action of covenant for arrears commenced February 8, 1881, that the entry of judgment preserved the lien of ground-rent from being presumed to have been released or extinguished, and that the Statute of Limitations was no bar to a recovery.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to the Court of Common Pleas, No. 2, of *Philadelphia County*.

Summons covenant sur ground-rent issued February 8, 1881, by James R. Gates against Hugh McConnel to recover arrears of ground-rent.

By agreement in writing, the case was submitted to Walter D. Allen, as referee, under the act of 14th May, 1874.

April 3, 1883, the report of the referee was filed, finding, *inter alia,* the following facts :

By deed dated January 8, 1857, William Edge and wife conveyed to David J. Pruner in fee, a lot of ground situate on the north side of Cumberland street, at the distance of ninety feet westward from the west side of Fifteenth street, in the city of Philadelphia. By deed dated the first day of March, 1859, David J. Pruner and wife, in consideration of one dollar, conveyed to Joseph J. Lingle the said premises, reserving thereout a yearly ground-rent of ninety dollars, payable half-yearly, on the first day of the months of March and September, in every year, being the ground-rent in question in this suit.

By deed bearing even date with the last-mentioned deed, David J. Pruner and wife, in consideration of $1,500, conveyed the said yearly ground-rent to the Merchants' Insurance Company of Philadelphia.

On a judgment against the Merchants' Insurance Company, the ground-rent in question was taken in execution and sold, on March 5, 1860, to James M. Sellers.

The said James M. Sellers, in consideration of $1,500, conveyed to Edwin O. Michener, in fee, the said yearly ground-rent.

On April 25, 1876, the said Edwin O. Michener commenced an action of covenant against Joseph J. Lingle, the original covenantor, and on the 20th day of June, 1876, judgment was entered on two returns of "*nihil habet*" (after posting and advertisement, as required by the act of Assembly and the rules of court) in favor of the plaintiff for $2,049 10, being the ground-rent then in arrears, with interest to the date of judgment. On this judgment the premises, out of which the ground-rent issued, were taken in execution and sold, on August 7, 1876, to Charles A. Weiderman for $25.

May 24, 1880, Edwin O. Michener, in consideration of $1,500, conveyed the said yearly ground-rent to James R. Dever, in fee. The title was taken by Mr. Dever in trust for William T. B. Roberts, and at the request of Mr. Roberts, or his counsel, was conveyed by Mr. Dever to the plaintiff by deed dated October 28, 1880.

The defendant acquired title to the lot out of which the ground-rent issues, by purchase of the same at a sheriff's sale, made by virtue of proceedings on a judgment on a municipal claim for paving, which sale was made on the 3d day of July, 1876, about one month previous to the sale to Weiderman hereinbefore mentioned. The deed

for the property was acknowledged by the sheriff on January 12, 1878.

It was admitted by counsel for the plaintiff that the arrears of ground-rent sued for in this action are to be paid, if recovered, to William T. B. Roberts, under an agreement between him and Mr. Gates to that effect.

The return of the sheriff to the writ of *sci. fa.*, in the suit of the city to the use of Cunningham and McConnell *v.* Unknown, on the municipal claim for paving abovementioned, shows that the service of the writ was not made in accordance with the act of Assembly of March 11, 1846. The writ was returnable to the first Monday of May, 1876, which was the first day of May. According to the sheriff's return, the copy of the writ was posted on April 24, 1876, being less than the two weeks prior to the return day required by the act of Assembly.

Testimony was taken upon the question of the existence or non-existence of the Merchants' Insurance Company at the time the said ground-rent was conveyed to it. The referee found that the company was in existence at that time.

The referee further reported, *inter alia:*

"The first question which arises under the pleadings is, whether a release or extinguishment of the ground-rent is to be presumed under the act of 27th April, 1855, (Purdon, 862, pl. 18.) The rent was reserved by deed dated March 1, 1859, and judgment was obtained at the suit of Michener against Lingle, the original covenantor, on two returns of *nihil* on June 20, 1876, for the arrears then due. Though this judgment was obtained within the twenty-one years fixed by the act, within which a demand must be made to prevent the presumption of release or extinguishment, counsel for the defendant contended that the demand contemplated by the act is a personal demand, and that the judgment on two returns of *nihil* is insufficient to preserve the lien of the rent. The referee can find nothing in the acts of Assembly which will justify this view of the law. The act of April 8, 1840, in relation to judgment for arrears of ground-rent on two returns of *nihil*, provides 'that the said return of two *nihils* shall be in all respects equivalent to actual service of the same as is now the practice in the case of mortgages and judgments.'

"Actual service in this act can only mean personal service, and if two returns of *nihil* are equivalent to personal service, the same effect must be given to the judgment entered thereon as if the defendant were personally

[McConnell *v.* Gates.]

served. In the case of judgments, it has never been doubted that the judgment of revival entered on two returns of *nihil* is a general judgment, and binds the person as well as the real estate of the defendant. Moreover, the act of 1855, under which it is claimed that this rent must be presumed to have been released or extinguished, provides that the evidence of any such claim or demand may be perpetuated by the record of any judgment obtained for such rent in any court of record. The referee is therefore of opinion that the judgment entered in the suit of Michener against Lingle preserved the lien of the ground-rent, and prevented the same from being presumed to have been released or extinguished.

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

"As to the effect of the agreement of the plaintiff to pay to Mr. Roberts the arrears of rent, if recovered, the referee cannot see that the plaintiff's right to sue for such arrears is affected by such an agreement. As the agreement is understood by the referee, Mr. Roberts has no title to the arrears in question until they are recovered by the plaintiff, and therefore could not sue the defendant for them. Regarding the agreement, however, as an equitable assignment, it does not affect the right of the plaintiff to recover. The legal title to the rent is in the plaintiff, and a recovery by him would be a bar to another suit against the defendant for the arrears : See Armstrong *v.* the City of Lancaster, 5 Watts, 68. The fact that the equitable assignee is not joined in the action prejudices no defense which the defendant may have. That the absence from the record of the name of the equitable assignee will not constitute a defense against the claim of the legal plaintiff, is expressly decided in the case of the Memphis Railroad Company *v.* Wilcox, 12 Wright, 162.

"The referee was asked by defendant's counsel to pass upon the question whether the sale for arrears of ground-rent on August 7, 1876, divested the title of Mr. McConnel under the sale made by the sheriff on July 3, 1876. The judgment for the arrears was entered on June 20, 1876, and was discharged by the sale to Mr. McConnel on July 3, 1876. Being thus discharged, the subsequent sale under this judgment to Wiederman could vest no title in him and did not divest Mr. McConnel's title.

"The case of Conrad *v.* Smith, 5 W. N. C., 402, (affirmed in Supreme Court, 11 W. N. C., 100,) decides that the purchaser of land subject to a ground-rent sold under a municipal claim, is in the same position as an assignee of the lessee, and is personally liable for the fulfilment of

the covenant to pay the rent. In McQuesney *v.* Hiester, 9 Casey, 435, it was held that an assignee of the lessee ought not to be charged with interest on arrears which accrued prior to the conveyance to him, but that on subsequent arrears he is liable for interest."

The referee filed an opinion upon exceptions to his report, *inter alia*, as follows:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"The defendant claims that as the return of the sheriff to the writ of *sci. fa.*, in the proceedings on the municipal claim, shows that the service was radically defective, the sheriff's sale to the defendant in this case did not divest the title of the real owners, and therefore passed no title to the defendant which would render him liable to the payment of the ground-rent in question.

It has been uniformly held in this State that an irregularity or defect in the service of a writ is cured by the subsequent entry of judgment, and that a sale of the property of the defendant, under such judgment, will, on the acknowledgment and delivery of the sheriff's deed, vest in a *bona fide* purchaser a perfect title to the property sold : see act of 1705 ; Purdon, page 651, pl. 84 ; Delaney *v.* Gault, 6 Casey, 63 ; Wistar *v.* The City, 5 Norris, 215. In Delaney *v.* Gault, the Court say, (page 68,) 'After judgment upon the *scire facias*, it is too late to inquire, in any collateral proceeding, into the sufficiency of the sheriff's return of service of the writ, or whether service has been properly made, if it be returned. This was ruled by the late Judge Cooper, at *nisi prius*, in 1849, in the case of Wharton *v.* Hughes, 'A purchaser at sheriff's sale, under a judgment obtained in a *scire facias*, on a municipal claim, is not bound to show that the acts of Assembly have been strictly complied with. In regard to all that he is protected by the judgment.'

The defendant, in support of his position, relies mainly upon the cases of The City *v.* O'Byrne, 12 Norris, 225 ; City *v.* Wistar, 5 Norris, 215 ; and Simons *v.* Kern, 11 Norris, 455. In the case of City *v.* O'Byrne, as in the case of City *v.* Wistar, judgment on a municipal claim was reversed on writ of error because of irregularities in the service of process. In neither case was there any sheriff's sale, and in City *v.* Wistar, the Court expressly recognize the principle laid down in Delaney *v.* Gault, as above quoted. (See 5 Norris, p. 215.)

The case of Simons *v.* Kern was the case of a municipal claim against a registered owner. There was a defect in the sheriff's return in that case similar to the one in

[McConnell *v.* Gates.]

the present case.   The sheriff sold the premises against which the claim was filed and acknowledged, and delivered his deed to the purchaser.   The Court held that under the provisions of the supplement to the registry act, approved March 29, 1867, the sale was void, and the owner could recover the premises in ejectment.   The supplement to the registry act prohibits the sale of the land of registered owners for taxes or other municipal claims, except after recovery by suit and service of the writ upon the registered owner as in the case of a summons.   The sale was held to be void on the ground that it was made in violation of the statutory provisions.

The act was passed for the protection of an owner who has registered his deed, and did not change the law as laid down in Delaney *v.* Gault, where the owner's deed is unregistered.

The unknown owner in the case of the municipal claim of Cunningham and McConnel, could not claim the benefit of the registry act for the reason that his deed was not registered, and the sheriff's sale on the judgment entered on that lien must be held to have vested a valid title in the defendant.        *        *        *

Judgment is therefore awarded in favor of the plaintiff for $467 25, being the amount of the arrears of ground-rent which accrued between the date of the sale to the defendant and the date of the commencement of this action, with interest on those arrears only which accrued *subsequently to the conveyance to the defendant by the sheriff, on January 12, 1878.''

Defendant's counsel filed exceptions to the report of the referee.

Defendant then took out a writ of error, and assigned as error the action of the referee in awarding judgment for the plaintiff; reporting that the claim was not barred by the Statute of Limitations; finding that the Merchants' Insurance Company was an existing corporation; that plaintiff held a valid title to said ground-rent; that the title in fee simple, subject to said ground-rent, was vested in defendant, and that he was liable to plaintiff for said arrears.

*Henry M. Dechert* for plaintiff in error.

The evidence did not prove the existence of the Merchants' Insurance Company.   The existence of a mesne assignee may be attacked as if it were suing directly : Methodist Episcopal Church *v.* Pickett, 19 N. Y., 485 ; Morawetz on Private Corporations, sec. 137.

[McConnell v. Gates.]

The defective service of the *scire facias* in the suit under the execution upon which the liability of plaintiff in error, it is alleged, arises, defeats his title to the premises, out of which the ground-rent is alleged to issue, and therefore no liability attaches to him : Caldwell v. Walters, 6 Harris, 79. The act of 1846, Purd. Dig., 1089, pl. 25, requires posting and advertising to be two weeks before the return day : Wistar v. City, 5 Norris, 215 ; O'Byrne v. City, 12 *Id.*, 226 ; Simons v. Kern, 11 *Id.*, 455.

The judgment was therefore void : Freeman on Judgments, sec. 124, 125. McConnel is not estopped from asserting the defect in his title, because no one has been prejudiced, and there is no privity between the parties.

The plea of the Statute of Limitations furnishes a bar to recovery in this case. The present suit was brought February 5, 1881, and there is no evidence to show that any one ever made payment of the ground-rent since its creation in 1859, or that any claim or demand was made for its payment. Nothing was done except entering a judgment for the arrears in 1876.

*B. H. Lowry* and *Andrew Mayer* for defendant in error.

The ground-rent was not reserved to the insurance company, and this is not an attempt by the corporation to enforce a contract made with it. The insurance company was merely a conduit pipe for the title to the ground-rent. The evidence, however, abundantly proves the existence of the company.

The defect in the service of the *scire facias* does not affect the title of the purchaser at the sheriff's sale : Hering v. Chambers, 13 W. N. C., 510 ; Delaney v. Gault, 6 Casey, 63. The judgment was good until the Court rendering it has altered it, or it is reversed on writ of error : Lowber & Wilmer's Appeal, 8 W. & S., 387 ; Clark v. Douglass, 12 P. F. Sm., 408 ; McDonald v. Simcox, 2 Out., 618 ; Gibson v. Winslow, 2 Wr., 49.

The plea of the Statute of Limitations is effectually disposed of by the referee.

JANUARY 28TH, 1884.—PER CURIAM : While some defects in the service of a *scire facias* on a municipal claim may be successfully interposed to defeat an action on the *sci. fa.*, yet, if a judgment be recovered and a judicial sale be regularly made, those defects will not defeat the title of a purchaser. In this case, a good title was vested in

the purchaser, and he thereby became liable for the ground-rent which accrued after his purchase.   The regularity of the incorporation of the insurance company which once held the title cannot be inquired into here.   It was the mere conduit through which the title passed.   As the covenant for ground-rent ran with the land, the Statute of Limitations was no bar to a recovery for the sum found by the referee, and for which judgment was entered.

Judgment affirmed